UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25-CV-1470-SRW |
| | ) |
| CITY OF ST. LOUIS METROPOLITAN | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Dewey Barnett II, an inmate at Southeast Correctional Center (SECC), for leave to commence this civil action without prepaying fees or costs. ECF No. 3. The Court will grant the motion and assess an initial partial filing fee of $12.00. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to appoint counsel and motion for hearing on subpoena will be denied as moot. ECF Nos. 2, 5.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted state prisoner at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. ECF No. 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $33.70, and an average monthly balance of $60 over the six-month period prior to case initiation. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $12, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Anothony Moore brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. ECF No. 1. He names as defendants St. Louis Metropolitan Police Department, as well as two of its officers, William Jenkerson and Michael Weber. *Id*.

Plaintiff's claims arise from his arrest on August 7, 2005. *Id*. at 4. Plaintiff describes that he had his hands in the air prior to his arrest when Defendant Jenkerson shot him. *Id*. The bullet struck him in the shoulder. *Id*. Plaintiff further claimed Defendant Weber struck him in the head after Plaintiff had been handcuffed. *Id*. Plaintiff attached multiple exhibits, including medical records which showed a graze wound to the left shoulder as well as a head abrasion. *Id*. at 11. Plaintiff accuses St. Louis Metropolitan Police Department of failure to train its officers and accuses the officers of intentional malice. *Id*. at 8.

For injuries, Plaintiff describes damage from the bullet striking his shoulder, anxiety, ADHD, loss of hair, mental anguish, and nerve irritation. *Id*. He requests actual damages of $1 million and punitive damages of $1.5 million. *Id*. at 13.

**Discussion**

Plaintiff's complaint arises under 42 U.S.C. § 1983. Because § 1983 provides no period of limitation, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447-48 (8th Cir. 1984) (*citing Johnson v. Railway Express Agency*, 421 U.S. 454, 462 (1975). Section 1983 actions should be characterized as personal injury claims for the purpose of applying the appropriate statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Thus, Plaintiff's § 1983 claims are subject to Missouri's five-year statute of limitations on personal injury claims. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4) (2000).

Based on the allegations of Plaintiff's complaint, his § 1983 claims are time-barred. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). In this case, Plaintiff's allegations are based alleged excessive force by the Defendants that occurred in 2005. This case was filed on September 29, 2025. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims were filed about 15 years too late.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $12.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original

proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing on subpoena [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of January 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE